[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff Town of Manchester (Town) has brought this three count complaint against the defendant United Stone America, Inc (United) seeking damages for United's alleged failures in regard to its obligation to construct alterations and additions to the Manchester Town Hall. In essence, the Town claims that it awarded the Town Hall project to United and that United failed to perform its contractual responsibilities. The Town claims breach of contract, negligence, and unjust enrichment regarding alleged over payments made by the Town to United. CT Page 7284
In response, by pleading dated June 29, 1999, United filed an answer, several special defenses, and a multi-count counterclaim. Counts Eleven and Twelve of United's counterclaim allege, in pertiment part' that the Town has engaged in trade or commerce within the State, that it contracted with United to conduct trade or business within the State, and that its various acts and omissions as specifically enumerated constitute a violation of Connecticut General Statutes 42-110a et. seq., the Connecticut Unfair Trade Practices Act (CUTPA). By pleading dated March 24, 2000, the Town has moved for summary judgment as to the Eleventh and Twelfth Counts of United's counterclaim on the grounds that a CUTPA claim can not be asserted against a municipality. The Town did not include with its motion any affidavits or supporting documentation. Rather, the Town relies on the assertion that, as a matter of law, actions by a municipality are not proscribed by CUTPA. In stating this claim, the Town relies on the Supreme Court decision in Connelly v. Housing Authority,213 Conn. 354 (1990). The court is unpersuaded that Connelly stands for the broad proposition advanced by the plaintiff.
C.G.S. 42-110b provides, in part, that "(a) No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."
A "person" is defined to mean, "a natural person, corporation, limited liability company, trust, partnership, incorporated or unincorporated association, and any other legal entity." Since a municipality is, in fact, a legal entity, its activities in the conduct of any trade or commerce, may fall within the broad parameters of CUTPA.[1] Excepted from the proscriptions of CUTPA are "(1) Transactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state or of the United States;" C.G.S. 42-110c. A municipality, as such, is neither a regulatory board nor an officer acting under the statutory authority of a state of the United States.
In Connelly, the terms of this exception were determinative. The specific issue in Connelly was whether a municipal housing authority, acting as landlord, may be held liable for violations of CUTPA. Id. 356. The court held: "The plaintiffs' claims for damages in count two of their complaint fail because they are premised solely on CUTPA. Even if it is assumed, arguendo, that the defendant is engaged in "trade" or "commerce" as defined by that act, the defendant nonetheless is exempted from CUTPA scrutiny because, as a municipal housing authority regulated by the United States department of housing and urban development (HUD), its actions fall within the ambit of General Statutes 42-110c." Id. 360-361. The court further opined: "In the present case, however, the actions of CT Page 7285 the defendant, a creature of statute, are expressly authorized and pervasively regulated by both the state department of housing and HUD. As such, the plain language of 42-110c exempts the leasing or renting of apartments by the defendant from the CUTPA scrutiny." Id. 361.
The plaintiff has pointed to no regulations or legislative scheme governing its behavior relating to the issuance of bids and contract administration relating to the construction of a municipal building. Thus, the court is unconvinced that merely because the plaintiff is a municipality it is exempt from the proscriptions of CUTPA.
However, in order for activities to fall under the CUTPA umbrella they must constitute "trade" or "commerce" as defined in the act. C.G.S. 42-110a
defines "trade" and "commerce" to mean, "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." Assuming the veracity of the defendant's counterclaim, and notwithstanding the label given to them by the defendant, the described activities on the part of the Town do not constitute "trade" or "commerce". Neither contracting with the defendant for the alteration and addition of the Town Hall, nor the specified activities associated with performance of the contract constitutes the conduct of trade or commerce as defined in C.G.S. 42-110 (4).
Thus, while the court is unprepared to state that a municipality may never be subject to CUTPA, the court agrees with the plaintiffs contention that the facts, as alleged in the pleadings in this case, do not implicate the remedial provisions of CUTPA.
Accordingly, the motion for summary judgment is granted.
So Ordered
Bishop, J.